IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL LEWIS,

                                  Petitioner,                    OPINION AND ORDER

    v.

CHRIS BUESGEN,                                                   25-cv-413-wmc

                                  Respondent.

---

Representing himself, petitioner Daniel Lewis filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2024 state court conviction for five counts of possessing child pornography as a repeat offender in Eau Claire County Case No. 2022CF000125.  He claims he was denied effective assistance of counsel, due process, and a fair and impartial jury as the result of prosecutorial misconduct.[1]  Respondent has answered with a motion to dismiss on the grounds that Lewis did not exhaust state court remedies that remain available.  (Dkt. #8.)  That motion must be granted for the reasons explained below.

OPINION

Petitioner was convicted following a jury trial and sentenced on June 4, 2024, to six years of initial confinement followed by ten years of extended supervision.  (Dkt. #8-1.) Court records provided by respondent reflect that petitioner gave notice that same day of

---

[1] Complaints and petitions filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

his intent to pursue post-conviction relief.  (Dkt. #8-2.)  When post-conviction counsel was not appointed promptly for him, petitioner filed a federal habeas corpus petition that was received by this court on May 20, 2025.  (Dkt. #1.)  Petitioner concedes that he has not exhausted state court remedies as required but argues that exhaustion should be excused because state process is unavailable due to delays in receiving appointed counsel. (*Id*.)

A federal district court may not grant habeas relief from a state court judgment of conviction unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  The doctrine of exhaustion serves the interests of comity between federal and state sovereigns by giving state appellate courts a meaningful opportunity to consider and correct any alleged constitutional violation.  *Lieberman v. Thomas*, 505 F.3d 665, 670 (7th Cir. 2007); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004) ("Exhaustion serves an interest in federal-state comity by giving state courts the first opportunity to address and correct potential violations of a prisoner's federal rights.").  Inherent in the exhaustion requirement is the habeas petitioner's duty to present his federal claims to the state courts "fully and fairly."  *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008) (citations omitted).  To "fairly" present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  To "fully" present a claim, the petitioner must complete one round of state court review of a fairly presented

2

claim, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) (citing *O'Sullivan*, 526 U.S. at 845-48).

Respondent moves to dismiss, noting that an attorney with the State Public Defender's Office has been appointed to represent petitioner, and available public records confirm that petitioner is now actively pursuing post-conviction relief.[2]   (Dkt. #8-4.) Petitioner does not dispute that counsel has been appointed, but argues that exhaustion should be excused nevertheless since it could take years for the post-conviction and appellate process to be completed.  (Dkt. #9.)  To excuse exhaustion, however, petitioner must show that there is "an absence of [s]tate corrective process" to raise his constitutional claims, or that "circumstances exist" rendering such process "ineffective" to protect his rights.  28 U.S.C. § 2254(b)(1)(B)(i)-(ii).  Petitioner makes neither showing, and he does not otherwise demonstrate that the delay in appointing counsel was inordinate or unjustified.  *Carter v. Buesgen*, 10 F.4th 715, 721-22 (7th Cir. 2021); *see also Evans v. Wills*, 66 F.4th 681, 685 (7th Cir. 2023) ("A delay of twenty years and counting is inordinate.").

The United States Supreme Court has long held that a federal habeas petition "should be dismissed if the [petitioner] has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citing *Ex parte Royall*, 117 U.S. 241 (1886)).  Because petitioner clearly failed to exhaust state court process that is not only available but is ongoing, respondent's motion must be granted and the petition must be dismissed without prejudice as unexhausted.

---

[2] Courts may take judicial notice of the state court records.  *See Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023) (state court proceedings are a proper subject of judicial notice).

ORDER

IT IS ORDERED that:

1.  Respondent's motion to dismiss (dkt. #8) is GRANTED, and the federal habeas corpus petition filed by Daniel Lewis (dkt. #1) is DISMISSED without prejudice.

2.  A certificate of appealability is DENIED.

3.  The clerk of court shall enter judgment and close this case.

Entered on this 8th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge